UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60939-CIV-LENARD/TORRES

NOVA HILLS VILLAS
CONDOMINIUM ASSOCIATION, INC.,

       Plaintiff/Counter-defendant,

vs.

ASPEN SPECIALTY INSURANCE COMPANY,

       Defendant/Counter-plaintiff.
_____/

**ORDER ON MOTION TO STRIKE/DISMISS COUNTERCLAIM**

This matter is before the Court on Counter-defendant's Motion to Strike and/or in the alternative Motion to Dismiss Counterclaim [D.E. 21] that was referred for disposition on January 2, 2008 [D.E. 33]. Upon review of the Motion, Counter-plaintiff's response in opposition, the reply, and the record in the case, the Motion to Strike will be Denied and the alternative Motion to Dismiss will be Denied.

## I. BACKGROUND

This action was initially filed by Plaintiff/Counter-defendant Nova Hills Villas Condo. Ass'n ("Nova Hills") in state court on declaratory judgment and breach of contract claims arising under an insurance policy issued by Defendant/Counter-plaintiff Aspen Specialty Insurance Co. ("Aspen"). The Complaint alleges that Nova Hills suffered property damage during Hurricane Wilma that is a covered peril under the applicable insurance policy. Nova Hills alleges that it made a timely claim on the policy that has not been paid in full for the total amount of covered losses. Accordingly, the Complaint seeks a declaratory judgment adjudicating coverage under the policy, damages on a breach of

contract claim, and an order compelling an appraisal as provided in the policy. The case was removed to federal court on July 5, 2007 [D.E. 1].

Aspen ultimately filed an answer to the Complaint that included a Counterclaim against Nova Hills alleging fraudulent concealment in connection with Nova Hills's supplemental proof of loss. [D.E. 13]. Specifically, Aspen alleges that upon receipt of the initial claim following Hurricane Wilma Aspen accepted Nova Hills's hurricane damage claim for which it disbursed approximately $650,000 under the policy. Nova Hills subsequently submitted a supplemental claim on the policy in which it claimed that the total damage was about $3.2 million, and demanding the difference.

Aspen then alleges that in investigating the supplemental claim Aspen discovered that Nova Hills's supplemental claim was fraudulently overvalued. The Counterclaim alleges that Nova Hills failed to disclose in its supplemental proof of loss that roofing repairs and replacements had been made to the property after Hurricane Wilma at a cost substantially less than what the claim represented. Aspen alleges that Nova Hills knew the true cost of the replaced roofs at the time the supplemental claim was made, but failed to disclose to Aspen the true value of the replacements or even that the roof repairs had already been conducted. Aspen concludes that Nova Hills's "supplemental claim . . . was an intentional concealment, misrepresentation or fraud with the full express knowledge of the insured; that said act was for the purposes of wrongfully obtaining the proceeds of the insurance policy. This intentional concealment, misrepresentation or fraud is in violation of the above stated provision of the policy and voids coverage under the policy from and after the effective date." [D.E. 13 at 19].

The policy provision referenced in the Counterclaim is that found in the conditions page of the policy that provides:

> A. Concealment, Misrepresentation or Fraud. This coverage part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
> 1. The Coverage Part;
> 2. The Coverage Property;
> 3. Your interest in the Covered Property; or
> 4. A Claim under this Coverage Part.

[D.E. 13 at 17].

This same fraudulent concealment claim is included within the affirmative defenses to the underlying Complaint. But the claim is pled as a stand-alone counterclaim in which Aspen also demands that the Court declare that the policy is void and of no force and effect for any of the effective dates of the policy, that judgment be entered against Nova Hills to reimburse Aspen for its reasonable investigative expenses and attorneys' fees incurred in investigating and defending against the fraudulent claim, and that judgment be entered that reimburses Aspen for all policy payments that were made under the voided policy. [D.E. 13 at 19-20].

In response to the Counterclaim, Nova Hills filed the pending Motion to strike any demand for recovery of attorneys' fees in the Counterclaim, which Nova Hills alleges are not recoverable by statute or contract against an insured. Alternatively (or indeed additionally), Nova Hills seeks to dismiss the Counterclaim as a whole because it was not pled with sufficient particularity as required by Fed. R. Civ. P. 9(a).

## II. ANALYSIS

### A. *Motion to Strike*

Fed. R. Civ. P. 12(f) states that "[u]pon motion made by a party before responding to a pleading, . . . the court may order stricken from any pleading any insufficient defense

for any redundant, immaterial, impertinent, or scandalous matter." Yet motions to strike seek drastic relief and, therefore, are generally disfavored. *E.g., Augustus v. Bd of Public Instruction of Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir. 1962). Such motions "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.*; *Agan v. Katzman & Korr, P.A.,* 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004). It is also clear that courts have "broad discretion in disposing of motions to strike." *Porcelanas Florencia, S.A. v. Carribean Resort Suppliers, Inc.,* No. 06-22139, 2007 WL 171590, at *1 (S.D. Fla. Jan. 18, 2007) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

The primary argument raised in the motion to strike is Nova Hills's argument that any claim of relief in the Counterclaim including a request for attorneys' fees must be stricken as immaterial under Rule 12(f). Nova Hills alleges that no statute allows for recovery of attorneys' fees against an insured by an insurer, and that no contractual provision in the applicable policy allows for such a recovery either.[1]

On the surface, Nova Hills's motion appears to have merit, at least with respect to the attorneys' fees issue. Ordinarily, an insured is not liable for an insurer's fees if the insurer prevails in coverage litigation under a policy. And Aspen has not alleged that the language of this policy provides differently. Therefore, there would ordinarily be no basis to include a claim or request for attorneys' fees in an answer to the insured's declaratory judgment action or in a counterclaim.

---

[1] The secondary tag-along argument is that any Counterclaim for fees or damages from prosecuting a "declaratory petition" must also be stricken as there has been no such petition in this case. That argument is insufficient to grant a motion to strike, however, because it is not per se clear that Aspen was not referring to Nova Hills's original declaratory judgment action. In that case the language used in the Counterclaim is not necessarily redundant or immaterial, and therefore not subject to a motion to strike.

The primary response to this argument by Aspen is that it may be able to recover attorneys' fees under Fla. Stat. § 57.105 (for defense of a frivolous action) or 28 U.S.C. § 1927 (for an attorneys' vexatious conduct that unduly delays the resolution of the litigation). The problem with that response is that neither statute is intended to be pled in the initial answer/counterclaim, both for procedural reasons – such as statutory notice prerequisites – or because they do not necessarily apply to parties and instead apply to the lawyers (as is the case with section 1927). Therefore, the motion to strike is well taken.

Nevertheless, the Court will deny the motion for the same reasons that it will deny the motion to dismiss the fraud counterclaim, discussed below. There is a reasonable question whether attorneys' fees can be included as consequential damages to a fraudulent concealment counterclaim. That being the case, the Court cannot find that a provision in such a counterclaim that references attorneys' fees has no possible bearing on the case or controversy. But for the existence of this pending Counterclaim, however, the motion to strike would have been granted.

### B. *Motion to Dismiss Counterclaim*

Rule 12 states that a complaint (or counterclaim) that fails to state a claim upon which relief can be granted should be dismissed. Fed.R.Civ P 12(b)(6). The Court must consider the claim's allegation as true, and "read in the light most favorable to the [counter-]plaintiff." *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) (citing *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983)). A counterclaim need only provide a short and plain statement of claim, sufficient to put the defendant on the notice of the claims raised against it. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959 (2007).

In a case that involves allegations of fraud, however, Rule 8's notice requirement must be read together with the particularity requirements of Fed. R. Civ. P. 9(b). *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997); *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1192, 1202 (11th Cir. 2001).  The particularity requirement requires at least that a party not merely rely on conclusory allegations of fraud or the technical elements of the claim.  *Id.*; *see also Schaller Tel. Co. v. Golden Sky Sys.,* 298 F.3d 736, 745 (8th Cir. 2002).  But the amount of particularity or specificity required for pleading fraud will differ from case to case depending on such factors as the complexity of the case, the relationship of the parties, and the context in which the fraud occurred.  *See, e.g., Benchmark Elec., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003).

Nova Hills's motion to dismiss is based on the contention that Aspen failed to satisfy the particularity requirement of Rule 9(b) because it failed to plead the who, what, when, where and why of the alleged fraud.  That argument would have had more appeal had the counterclaim alleged a traditional common law fraud claim under Florida law.  Such a claim requires specific allegations of (1) a false statement of fact; (2) known by the defendant to be false at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representations; and (5) resulting damage.  *E.g., Stowell v. Ted S. Finkel Inv. Serv., Inc.*, 641 F.2d 323, 325 (5th Cir. Unit B 1981) (citations omitted); *see also Elders v. United Methodist Church*, 739 So. 2d 1038, 1042 (Fla. 3d DCA 2001).

But the Court must evaluate this fraud counterclaim within its unique context – a contractual fraudulent concealment claim against an insured by an insurer pursuant to the express provisions of a policy.  This policy contained a provision whereby Aspen contractually agreed that it would not provide coverage for any loss that occurred in

connection with any material misrepresentation, fraud or concealment of material facts. Indeed, the policy provision relied upon in the Counterclaim renders the policy void and ineffective if the insured – Nova Hills – engages in such fraudulent conduct. And this policy provision has repeatedly been enforced and upheld in Florida. *See, e.g., Lopez v. Allstate Indemn. Co.,* 873 So. 2d 344, 345-46 (Fla. 3d DCA 2004) (affirming judgment that insured's misrepresentation or concealment during prosecution of claim voided policy) (citing *Schneer v. Allstate Indem. Co.,* 767 So. 2d 485, 489 (Fla. 3d DCA 2000) (insureds' fraudulent misrepresentations as to their contents claim voided their homeowner's policy in its entirety and thus voided the dwelling coverage); *Valdez v. Consolidated Prop. and Cas.,* 762 So. 2d 1034 (Fla. 3d DCA 2000) (final judgment voiding insured's insurance policy affirmed where insurance policy contained a valid provision voiding the policy upon intentional concealment or misrepresentation by the insured); *American Reliance Ins. Co. v. Kiet Invs., Inc.,* 703 So. 2d 1190 (Fla. 3d DCA 1997) (clauses voiding coverage for intentional misrepresentations and fraud in claims process are valid and enforceable); *Wong Ken v. State Farm Fire & Cas. Co.,* 685 So. 2d 1002, 1003 (Fla. 3d DCA 1997) ("[t]he clause which voids coverage if the insured makes an intentional misrepresentation 'after a loss'-that is, as here, in making a claim-is valid and enforceable") (citation omitted); *American Employers' Ins. Co. v. Taylor,* 476 So.2d 281 (Fla. 1st DCA 1985) (jury verdict for insurance company affirmed based on misrepresentations made by the insured in the claims process)).

It is also clear that the traditional requirements of a fraud claim do not necessarily apply by the same measure to such a contractual fraud claim. *See Michigan Millers Mut. Ins. Corp. v. Benfield,* 140 F.3d 915 (11th Cir.1998) (in a case involving the application of Florida law where insurer alleged that the insured made misrepresentations during the

investigation of a claim, insurer was not required to demonstrate that it relied on the insured's misrepresentations when a asserting a policy defense based on fraud; the insured perpetrating a material fraud in pursuing an insurance claim was sufficient).

The stated public policy rationale for this rule is that, if there is no consequence when a policyholder makes a false representation to his or her insurance company even if not relied upon, the policy provision would be rendered meaningless, which would be inconsistent with the principle that every provision in a contract is to be given meaning and effect.  *Lopez v. Allstate,* 873 So. 2d at 346 (citing *American Employers' Ins. Co.,* 476 So.2d at 284); *see also  Prudential Ins. Co. v. Whittington,* 98 So. 2d 382, 388 (Fla. 2d DCA 1957).

Consequently, the issue here is whether the Counterclaim's allegations are sufficient to plead a fraudulent concealment claim arising under the applicable policy provision.  The Court finds that the Counterclaim adequately alleges with particularity that Nova Hills intentionally concealed material facts during the course of the claims process, in order to obtain a greater recovery on the policy.  The alleged concealment involved the repairs or replacement to the building roofs for a much lesser sum than that included in the supplemental insurance claim.  The Counterclaim also alleges that this concealment was intentional and designed to obtain a greater recovery under the policy.  The Counterclaim also alleges that the concealment was material, in that the difference in value between the claim that was made and that which should have been claimed was significant.  Therefore, given this context, the particularity requirement of Rule 9(b) has been sufficiently pled.

Nova Hills argues that the "who, what, when and why" factual allegations are insufficient.  The Court disagrees because the allegations are factual and specific, not

merely conclusory. Nova Hills is clearly on notice of the alleged fraudulent concealment in order to defend against it. The "who" was the insured, the "what" was the supplemental policy claim, the "when" was after the repairs were already conducted, and the "why" was to obtain more than what the insured was entitled to under the policy. As a matter of pleading, there are no material allegations that are missing from the Counterclaim. From what was alleged here, a sufficient inference of fraud – as per the parties' contract – has been pled consistent with Rule 9(b). *See, e.g., Lerner v. Fleet Bank, N.A.,* 459 F.3d 273 (2d Cir. 2006).

An issue that the Court also considered – but which was only indirectly raised in the Motion – is whether the Court should strike or dismiss the allegations in the Counterclaim that request attorneys' fees or other types of consequential damages. The Counterclaim, for instance, alleges that Aspen's "damages" include reimbursement for investigative and processing costs incurred through the filing of the fraudulent supplemental claim. [D.E. 13 at 19 (¶21)]. None of the cases the Court reviewed (some of which are cited above) that involved contractual fraud claims under an insurance policy like this one discussed consequential damages in the insurer's favor. Indeed, most discussed the issue in the context of a defense to the claim, not as a stand-alone counterclaim. The Court found no case where consequential damages or attorneys' fees were recovered by the insurer, either in Florida or elsewhere.

The absence of such a recovery in the caselaw is not necessarily surprising. The traditional remedy for an insured's fraud misrepresentation or concealment is to void the policy and obtain rescission. *See, e.g., American Employers',* 476 So. 2d at 282 (fraud in insurance application or claims processing voided policy in its entirety); *Lopez v. Allstate,* 873 So. 2d at 347 (fraudulent concealment required entry of judgment for insurer and

voiding of policy).  Rescission of the entire policy will almost always result in a greater recovery for the insurer than simply consequential damages.  The total possible payout under this policy, for instance, would likely exceed any consequential damages or attorneys' fees Aspen would incur by several times over.  Even the amounts already paid under the policy would likely exceed any consequential damages Aspen could prove at trial.

Moreover, because the claim at issue here is predicated entirely on the parties' contract, there is a strong argument that no consequential damages are recoverable at all because the parties' contract does not provide for such damages, only rescission.  And because one must strictly construe the policy in the insured's favor, the insurer's sole remedy under this contractual fraud provision should be rescission.

At the same time, there is some authority that rescission in its entirety is not always the appropriate remedy for an insured's fraudulent concealment, and that perhaps different types of consequential damages may be a more just recovery.  *See Wong Ken v. State Farm,* 685 So. 2d at 1004 n.1 (suggesting different factors that may make rescission remedy unreasonable under the circumstances but reaffirming general rule).  Neither party has addressed this issue in the pending Motion and thus, if Aspen seeks to pursue consequential damages due to Nova Hills' alleged fraud, the legal basis for that remedy should be decided at a later stage of the case.  For pleading purposes, the Counterclaim's inclusion of consequential damages, like investigation costs and attorneys' fees, is not necessarily improper as a matter of law.  Consequently, the Court cannot strike or dismiss those allegations.

It is worth noting, however, that rescission is still the first relief requested in the Counterclaim.  And under well established principles of Florida law, a defrauded party cannot obtain both rescission and consequential damages.  Assuming that consequential

damages are recoverable at all, Aspen will have to make an election of remedies if it succeeds on its fraudulent concealment counterclaim. Aspen would then be entitled to rescission (likely a greater recovery) *or* consequential damages if Aspen does not seek rescission, but not both. *See, e.g., Mazzoni Farms, Inc. v. E.I. duPont de Nemours, Inc.,* 761 So. 2d 306, 313 (Fla. 2000) (Florida follows majority rule that defrauded party must elect between rescission and repudiation of transaction or damages and affirmation of transaction). Thus, even though the Court will not strike or dismiss the consequential damages or attorneys' fees provisions of the Counterclaim, those provisions will likely be inconsequential. As a practical matter if Aspen prevails on its Counterclaim it would likely seek rescission and reimbursement of payments made under the voided policy, rather than lesser damages like investigative costs.

### III.  CONCLUSION

For the foregoing reasons, the Nova Hills's Motion to Strike and Alternative Motion to Dismiss the Counterclaim is **DENIED**. Nova Hills shall file and serve its answer to the Counterclaim within ten days of the this Order.[2]

**DONE AND ORDERED** in Chambers, Miami, Florida, this 21st day of January, 2008.

_____
EDWIN G. TORRES
United States Magistrate Judge

---

[2] As no dispositive relief is being granted in this Order on the motion to dismiss, the Court will dispose of the pending motion by Order. Based upon 28 U.S.C. § 636, if Nova Hills seeks to appeal this Order to the District Judge, Nova Hills may proceed as if this Order is a Report and Recommendation and request de novo review under S.D. Fla. Local Mag. J. R. 4(b). The time period for filing the answer, however, shall not be tolled if such an appeal is filed. On the other hand, the absence of an appeal from this non-dispositive Order shall not preclude Nova Hills from raising the same or similar arguments at a later stage of the case.